NAZIB HAZAM AND ERNEST NAHASS, PARTNERS TRAD-
ING AS HAZAM & NAHASS SILK COMPANY, APPEL-
LANTS, v. UNITED STATES FIDELITY AND GUARANTY
COMPANY, RESPONDENT.

Submitted May term, 1932—Decided October 17, 1932.

For the appellants, *Louis Dworetz* (*Paul Rittenberg*, of counsel).

For the respondent, *Benjamin L. Stein.*

The opinion of the court was delivered by

LLOYD, J.   On a writ of replevin being issued the United States Fidelity and Guaranty Company gave its bond to the appellants (defendants in the action of replevin) conditioned for the return of the goods which were the subject of the replevin.   The writ was executed and the goods delivered to

the plaintiff in that action. Subsequent proceedings resulted in the entry of a judgment in favor of the defendant for the return of the goods and for damages on a counterclaim for breach of contract.

The replevied goods were never returned and the present action was brought on the bond. The case was heard by the learned trial judge without a jury upon a stipulation of facts and resulted in a judgment in favor of the defendant. From this judgment the plaintiffs appeal.

On the facts as above recited we think the plaintiffs were entitled to judgment. The learned trial judge seems to have considered the action to be for the recovery of the damages on the counter-claim alone, but the record does not disclose this to be the fact. From the stipulation it appears that there were two phases to the judgment in the original action, one deciding the title to the goods; the other disposing of an independent claim for damages as above indicated. It is said by the respondent in its brief that there was never any question that the goods were the property of the plaintiff in the replevin suit, but the record speaks to the contrary. The judgment was for the "return of the goods and chattels." Failure to make the return in accordance with the obligation of the bond constituted a breach of that instrument and a liability thereon.

The appellant cannot of course rest a recovery against the surety on the independent action for a counter-claim tried out (perhaps for convenience) in the replevin action, but it is entitled to be reimbursed for its loss resulting from the failure of the principal on the bond to return the goods in accordance with the judgment as appears from the record. If, as the respondent contends, the judgment does not represent the true finding in the trial of the replevin action, the remedy is either by redress in the trial court, or by direct appeal from that judgment to this court.

The judgment is reversed and a *venire de novo* awarded, or a retrial before the court without a jury if the parties so elect.

Donges, J. (Dissenting.) This is a suit against the surety on a replevin bond.

In the replevin suit the defendants therein (plaintiffs-appellants herein) filed a counter-claim setting up a claim on an open account against plaintiff in that suit. The matter was referred to a referee, who found in favor of the counter-claimants in the sum of $2,220.31.

This suit was brought to recover the amount of the judgment on the counter-claim against the surety on the replevin bond. The trial judge held that there was no liability on the bond to pay such judgment. I think he was right.

In the complaint, plaintiff sets up the bond, then sets up the judgment on the counter-claim, an order for the return of the goods, failure to return the goods, assignment of the bond, and demands judgment for the amount of the judgment on the counter-claim. Defendant answered, denying liability to pay the judgment sought to be recovered.

The case was submitted to the trial judge, sitting without a jury, on an agreed state of facts. This clearly sets out that—

"The defendants in the replevin suit filed a counter-claim for damages for breach of contract, and on May 15th, 1928, a rule was entered in that suit in the Passaic County Circuit Court, referring to a Supreme Court commissioner, to take and state the amount between the parties. Such subsequent proceedings were had under said rule which terminated in a judgment in the sum of $2,220.31 for the defendants therein, the present plaintiffs, against the Clarion Knitting Mills, Incorporated, by reason of said counter-claim."

It also appears there was a rule for the return of the goods. It does not appear that there was a nonsuit in the replevin suit, or other judgment touching the right of possession or the value of the goods. The state of facts further states:

"The judgment entered in this cause was for damages on the counter-claim as ascertained by the Supreme Court commissioner who was appointed to take and state the account between the parties.

"No writ of inquiry was issued to assess the damages for

the failure to make the return, nor was any judgment for money damages by reason of the failure to make such a return."

The state of facts further shows that obligation of the bond, the order for the return of the goods, failure to make return, and that thereupon plaintiffs herein "demanded the amount due on the judgment. The defendant, the United States Fidelity and Guaranty Company, a corporation of the State of Maryland, have failed and refused to pay the same whereupon suit was instituted on the said replevin bond given by the United States Fidelity and Guaranty Company, a corporation of the State of Maryland, for the recovery of the amount due on the judgment, namely, $2,220.31."

The appellants proceed upon the theory that the surety on the replevin bond is liable to pay a judgment obtained by the defendants in the replevin suit on a claim wholly unrelated to the question of the right of possession of the goods involved in that suit. If this were a suit for damages for the failure to return the goods, a different situation would be presented. But the agreed facts leave no doubt that what appellants sued for and seek to recover is their judgment on the counter-claim, and that the only proofs submitted to the trial judge were in support of such claim.

There being no proofs before the trial judge upon which he could find defendant liable as claimed, I think he was obliged to find for the defendant, and that the judgment should be affirmed. I am authorized to say that Chancellor Campbell and Judge Wells agree with the conclusion herein reached.

*For affirmance*—THE CHANCELLOR, DONGES, WELLS, JJ. 3.

*For reversal*—TRENCHARD, PARKER, LLOYD, CASE, BODINE, BROGAN, VAN BUSKIRK, KAYS, DEAR, KERNEY, JJ. 10.